EUGENE H. BISHOP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bishop v. Commissioner
Docket No. 23464-81.
United States Tax Court
T.C. Memo 1983-240; 1983 Tax Ct. Memo LEXIS 550; 46 T.C.M. (CCH) 15; T.C.M. (RIA) 83240; May 2, 1983. *550 Petitioner and his former wife entered into a written separation agreement in 1975 under which petitioner agreed to make certain monthly payments to his wife. They orally amended this agreement requiring petitioner to make additional payments. Petitioner sued for divorce in 1978 and he and his wife entered into a written contingent property settlement and support agreement. The divorce was granted in 1978 and the decree incorporated therein both the original Separation Agreement (1975) and the contingent property settlement and support agreement (1978). Held, for the year 1977 petitioner is not entitled to deduct as alimony the additional amounts he paid his wife under the oral amendments to the 1975 agreement. Held,further, by incorporating the terms of the separation agreement in its decree, the court did not retroactively amend the written agreement of 1975. Held,further, petitioner's income tax return filing status for 1977 was "married filing separately." *551 R. Wayne Byrd, for the petitioner. Roy L. Allison, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION *552 DRENNEN, Judge: Respondent determined a deficiency of $9,326 in petitioner's 1977 Federal income tax. The issues for decision are (1) whether petitioner is entitled to a deduction for alimony under section 215 [1] in excess of the amount allowed by respondent, and (2) whether petitioner is entitled to claim a filing status as a single individual for 1977. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner, Eugene H. Bishop, resided at Taylors, S.C., at the time the petition was filed. On May 6, 1961, petitioner married Eleanor Stone Bishop (hereinafter Eleanor) and they had three children. Petitioner and Eleanor separated on March 7, 1975, and have lived separate and apart since that date. Petitioner and Eleanor entered into a written separation agreement on May 14, 1975, which provided in pertinent *553 part as follows: 2. It is agreed husband will pay Seven Hundred Fifty and 00/100 ($750.00) Dollars per month for the separate maintenance and support of wife and the children. * * * 3. Husband agrees to pay all reasonable medical costs and expenses incurred by wife and their children. The separation agreement of May 14, 1975, further provided that the terms and provisions of the agreement would remain in full force and effect until mutually agreed otherwise between the parties or until modified or deleted by the adjudication of a court. At some time after May 14, 1975, but before January 1, 1977, petitioner orally agreed to increase the amount of payments made to Eleanor. [3]
By the end of the taxable *554 year 1977, neither petitioner nor Eleanor had filed a suit for separate maintenance and petitioner was not legally separated form Eleanor under a decree of divorce or separate maintenance. On May 10, 1978, petitioner filed a complaint for divorce in the family court, Greenville, S.C. On the same date, petitioner and Eleanor entered into and executed a contingent property settlement and support agreement (the agreement).[4] The parties agreed that the agreement was contingent upon its being incorporated and made a part of the divorce decree and that until such time, the new agreement had no effect whatsoever. The separation agreement of May 14, 1975, was to continue in full force and effect subject only to being superceded by the new property settlement and support agreement if and when it was incorporated in a final decree of divorce. *555 On September 7, 1978, the Greenville family court entered a decree of divorce which incorporated the separation agreement dated May 14, 1975. The court found that "the agreement has not been modified or amended since its execution and such remains in full force and effect as executed." Subsequently, on January 29, 1979, the Greenville family court modified the divorce decree of September 7, 1978, by also incorporating the property settlement and support agreement dated May 10, 1978. On his 1977 return, petitioner claimed the amount of $26,754 as an alimony deduction and computed his tax using a single filing status. In the statutory notice of deficiency, respondent disallowed the portion of the claimed deduction attributable to payments made by petitioner pursuant to the oral modifications of the May 10, 1975 separation agreement, which was $13,003 of the total amount claimed. Respondent also determined that petitioner's tax liability must be computed using the filing status of married, filing separately, rather than a single filing status as claimed on petitioner's 1977 return. OPINION The first issue is whether petitioner is entitled to an alimony deduction for amounts *556 paid to his former wife pursuant to oral modifications made to a written separation agreement. Section 215 allows a husband a deduction for payments made to his former wife if such payments are includable in her gross income under section 71. Section 71 sets forth three categories of periodic payments that will be included in the wife's gross income if the requirements of the section are met. Petitioner relies upon two of these categories. Petitioner first relies on section 71(a)(2), which provides that-- if a wife is separated from her husband and there is a written separation agreement, * * * the wife's gross income includes periodic payments * * * received after such agreement is executed which are made under such agreement and because of the marital or family relationship * * *.
Petitioner contends that since the written separation agreement provided that it could be orally amended, any payments made pursuant to oral modifications can be said to have been made "pursuant to the terms of a written separation agreement." Respondent counters that the disallowed amounts were not required under the specific provisions of the written separation agreement and therefore the *557 payments are not deductible. [5] We agree with respondent. Section 71(a)(2) expressly requires that the payments be made under the terms of the written separation agreement. It is clear that the particular payments in question were not required to be paid under the written separation agreement but rather were made pursuant to the oral modifications agreed to by the parties. It is not enough for petitioner to state that the parties had a written separation agreement which allowed for payments to be made pursuant to oral modifications. The oral modifications did not become a part of the written separation agreement for purposes of section 71(a)(2). . Here the payments were not required under *558 any provision of the written separation agreement and do not meet the requirements of section 71(a)(2). . Furthermore, the fact that the written separation agreement provided that the could be amended does not change the result. When the payments in question were made, they were not required under the terms of the written separation agreement, but rather they were permitted to be made if the parties so decided. Once the parties made the modifications, the payments were still not required under the written agreement, but rather under those oral modifications. In fact, the divorce court found that the original separation agreement had not been modified or amended since its execution. Hence, the payments did not meet the requirements of section 71(a)(2). ;
Petitioner next contends that the payments met the requirements of section 71(a)(3), which provides that if a wife is separated from her husband, the wife's gross income includes periodic payments received by her under a decree. Specifically, petitioner contends *559 that since the divorce court incorporated into its divorce decree the separation agreement and agreement for separate maintenance and support, it in effect retroactively adopted the provisions of such agreements, thus qualifying the payments under section 71(a)(3). Respondent counters that the divorce court did not retroactively adopt the provisions of the separation and support agreements and that even if it did, this still would not cause the payments to meet the requirements of section 71(a)(3). We agree with respondent. ;The divorce decree did not retroactively adopt the provisions of the separation and support agreements; it simply approved the provisions thereof as its conclusion on the amounts petitioner was to pay his wife as a result of the divorce. The divorce complaint was not filed until May 10, 1978. , affd. . Nor could an order of the divorce court retroactively change the terms of the written separation agreement of 1975. The tax liabilities of the parties *560 became fixed at the time petitioner made the payments to Eleanor and cannot be retroactively altered by a subsequent State court decree. , affd. ; ;. This is not a case where an error was found to exist in an earlier decree which was subsequently corrected by a nunc pro tunc order. Cf. ; ; ; . The final issue is whether petitioner is entitled to compute his taxes as an unmarried individual under section 1(c). The determination of whether an individual is married shall be made as of the close of his taxable year. Sec. 143(a). An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. Sec. 143(b). In 1977, petitioner was not legally separated from Eleanor *561 under a decree of divorce or separate maintenance. Petitioner relies on the same retroactive argument to support his claim that he was legally separated from his wife in 1977. As previously noted, the divorce decree did not retroactively provide that petitioner was legally separated from his wife in 1977 under a decree of divorce or separate maintenance, and even if it did, for the same reasons discussed earlier, such a provision would not have any effect on this Court in determining petitioner's tax liability. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. ↩
2. Due to our holding, an automatic adjustment to the general sales tax deduction will be necessary.↩
3. Specifically, petitioner agreed to pay Eleanor the following additional amounts: $250 in cash, $397 for furniture, $600 for carpet, $1,180 for remodeling, $98 for car repairs, $399 for car insurance, $115 for tax on the car, $5,685 for her 1976 Federal income tax, $1,404 for her 1976 South Carolina income tax, $1,650 for her 1977 Federal income tax, $450 for her 1977 South Carolina income tax, $155 for accountant fees, and $130 for a vacation, for a total of $13,033.↩
4. This agreement of May 10, 1978, was essentially identical to the original support agreement of May 14, 1975, except that petitioner agreed to pay $800 per month for the support and maintenance of his wife and children, and further agreed to pay $3,000 each 6 months as additional alimony for unusual personal expenses of his wife as needed. Petitioner also agreed to pay the premiums on a $5,000 life insurance policy on Eleanor's life.↩
5. Respondent also contends that petitioner failed to establish that he in fact paid $600 for replacement of carpet and $1,100 for remodeling and that if such amounts were paid, they constitute a capital expenditure. As to the $155 petitioner claimed for an accountant, respondent asserts that petitioner has failed to establish that such amount was paid. Due to our holding, it is unnecessary to decide these issues.↩